UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER A. JONES, | Case No. 3:19-cv-00068-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Christopher A. Jones, currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") sued Defendants, NDOC employees and officials, under 42 U.S.C. § 1983, alleging violations of his constitutional rights arising from NDOC's non-treatment of his infection with the chronic form of the Hepatitis-C virus ("HCV") per an official policy, non-treatment of a bicep injury, inadequate food, and mishandling of money he won settling other Section 1983 cases. (ECF Nos. 6 (operative complaint), 7 (screening order).) Before the Court is Plaintiff's objection (ECF No. 15) to Magistrate Carla L. Baldwin's minute order (ECF No. 14) denying Plaintiff's motion for clarification (ECF No. 12) as to why Judge Baldwin stayed this case in a prior minute order (ECF No. 9). Because Judge Baldwin did not clearly err in staying this case or denying Plaintiff's subsequent motion for clarification, and as further explained below, the Court will overrule Plaintiff's objection—though it will offer Plaintiff some more explanation he may find helpful.

**II.   LEGAL STANDARD**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider

any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding of fact is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011) (citation and quotation marks omitted). But a magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

## III.   DISCUSSION

The Court will overrule Plaintiff's objection because Judge Baldwin did not clearly err in staying this case, or denying Plaintiff's subsequent motion for clarification. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. There is no requirement that "before proceedings in one suit may be stayed to abide the proceedings in another[] the parties to the two causes must be shown to be the same and the issues identical." *Id.* at 254. Judge Baldwin therefore has wide discretion over whether to stay a case referred to her, and she did not clearly err in exercising that discretion to stay this case.

Indeed, the Court agrees with Judge Baldwin's decision to stay this case because Counts I and II of Plaintiff's operative complaint challenge the NDOC's Medical Directive 219 ("MD 219") governing the NDOC's treatment of incarcerated people with HCV as deliberately indifferent to his medical needs in violation of the Eighth Amendment, and as violating the ADA and/or RA. (ECF No. 7 at 2-7.) As Judge Baldwin mentioned in her most recent minute order (ECF No. 14), materially identical claims are currently being litigated in a class action against NDOC—*In re HCV Prison Litigation*, Case No. 3:19-cv-00577-

2

1  MMD-CLB (D. Nev. Filed Sept. 17, 2019) (the "Class Action"). The Court understands
2  Judge Baldwin decided to stay this and similar cases because Plaintiff and those similarly
3  situated to him may benefit from discovery produced in the Class Action. Moreover, the
4  outcome of the Class Action will have a significant impact on Counts I and II of Plaintiff's
5  operative complaint. Therefore, the interests of judicial efficiency favor staying this case
6  pending the outcome of the Class Action even though Plaintiff has three Counts in his
7  complaint that are unrelated to HCV. (ECF No. 7 at 7-14.) *See also Landis*, 299 U.S. at
8  254 (stating that the parties and causes of action in a related case need not be identical
9  for a stay to be warranted). This case will remain stayed until Judge Baldwin or the Court
10 lifts the stay. That said, the Court will direct the Clerk of Court to send Plaintiff a copy of
11 the certification order and current scheduling order in the Class Action as a courtesy to
12 Plaintiff.
13     Plaintiff also inquires in his objection whether counsel has been appointed to
14 represent him in this case. (ECF No. 15 at 2, 4.) To be clear, no counsel has been
15 appointed to represent Plaintiff in this case. Pro bono counsel (meaning volunteers who
16 are not paid) are prosecuting the Class Action. They do not represent Plaintiff. Perhaps a
17 simpler way of thinking about the situation is that the pro bono counsel in the Class Action
18 have interests that align with Plaintiff. And as mentioned above, at a later date, discovery
19 from the Class Action may be made available to Plaintiff.
20     In sum, Plaintiff's objection is overruled.
21 **IV.    CONCLUSION**
22     The Court notes that Plaintiff made arguments and cited to cases not discussed
23 above. The Court has reviewed those arguments and cases, and has determined they are
24 immaterial to resolving Plaintiff's objection.
25     It is therefore ordered that Plaintiff's objection to Judge Baldwin's minute order
26 denying his earlier motion for clarification (ECF No. 15) is denied.
27 ///
28 ///

1 | The Clerk of Court is directed to send Plaintiff courtesy copies of the certification order and current scheduling order (ECF Nos. 21, 34) in *In re HCV Prison Litigation*, Case No. 3:19-cv-00577-MMD-CLB (D. Nev. Filed Sept. 17, 2019).

DATED THIS 23rd day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE