UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>ROMEO ARANAS, *et al.,*<br><br>          Defendants. | Case No. 3:19-cv-00068-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Christopher A. Jones's ("Jones") motion to amend (ECF No. 55), and corrected motion to amend (ECF No. 72). Defendants Romeo Aranas ("Aranas"), John Borrowman ("Borrowman"), Jayson Brumfield ("Brumfield"), Barbara Cegavske ("Cegavske"), James Dzurenda ("Dzurenda"), Venus Fajota ("Fajota"), Gayle Fukagawa ("Fukagawa"), Adam Laxalt ("Laxalt"), Richard Long ("Dr. Long"), Kathryn Reynolds ("Reynolds"), Brian Sandoval ("Sandoval"), and Joseph Walls ("Dr. Walls") (collectively referred to as "Defendants"), filed a response to the motion (ECF No. 77), and Jones replied (ECF No. 78). For the reasons discussed below, the court recommends that the motion to amend (ECF No. 55) be denied as moot, and the corrected motion to amend (ECF No. 72) be granted.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983 that was removed from state court, for events that occurred while Jones was an inmate in the custody of the Nevada Department of Corrections ("NDOC") and was incarcerated at the Northern Nevada Correctional Center ("NNCC"). (*See* ECF Nos. 1, 6.) On November 22, 2019, the District Court entered a screening order on Jones's amended complaint

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

(ECF No. 7), allowing Jones to proceed as follows: (1) Count I, alleging Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") and Rehabilitation Act, 29 U.S.C. § 794 ("RA") violations against Aranas, Dzurenda, Sandoval, Laxalt, and Cegavske; (2) Count II, alleging an Eighth Amendment deliberate indifference to serious medical needs claim against Aranas, Dzurenda, Sandoval, Laxalt, and Cegavske; (3) portion of Count III, alleging an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Long, Dr. Walls, and Nurse Gaylene (aka Fukagawa); (4) portion of Count III, alleging Fourteenth Amendment equal protection violations against Dr. Walls; (5) portion of Count IV, alleging Eighth Amendment conditions of confinement violations against Reynolds, Bloomfeld, and Doe Chief Medical Officer; (6) portion of Count V, alleging Fourteenth Amendment due process violations against Borrowman and Fajuta; and (7) portion of Count V, alleging First Amendment retaliation against Borrowman and Fajuta. (*Id.* at 14-15.) Further, the District Court dismissed, with prejudice, a portion of Count IV, alleging Fourteenth Amendment violations, and a portion of Count V, alleging Fifth Amendment violations. (*Id.* at 15.) Finally, Defendant Tracy Green was dismissed, without prejudice, from the entirety of the case. (*Id.*)

All Defendants were properly served the amended complaint. (*See* ECF Nos. 33, 44.) On August 28, 2020, Defendants filed their answer to the amended complaint. (ECF No. 45.) A scheduling order was entered on August 31, 2020, directing Jones that amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served by Monday, November 2, 2020. (ECF No. 46 at 1-2.) On October 14, 2020, Jones filed his motion to amend, along with a proposed second amended complaint. (ECF Nos. 55, 55-1.) On February 11, 2021, Jones filed a corrected motion to amend, along with a proposed second amended complaint. (ECF No. 72, 72-1.) Defendants filed a limited opposition to the motion (ECF No. 77), and Jones replied (ECF No. 78).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended her complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id.* In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

## III.    DISCUSSION

As a preliminary matter, the court recommends that Jones's motion to amend (ECF No. 55) be denied as moot, in light of the filing of the corrected motion to amend (ECF No. 72). The court will now address the corrected motion to amend and proposed second amended complaint ("SAC") (ECF Nos. 72, 72-1).

Jones moves to amend his complaint to include additional allegations concerning the progression of his liver disease. (*See* ECF No. 72.) Jones also seeks to add former Acting NDOC Medical Director, Martin Naughton, and current NDOC Medical Director, Michael Minev, as defendants. (*See id.* at 2.) Jones also removes certain claims and defendants.

The proposed SAC contains the following claims:

- in Count I, ADA/RA violations (related to Hepatitis-C ("Hep-C")) against Defendants Aranas, Sandoval, Laxalt, and Cegavski;
- in Count II, Eighth Amendment deliberate indifference to serious medical needs claim (related to Hep-C) against Defendants Sandoval, Laxalt, Cegavski, Dzurenda, and Naughton;
- in Count III, Eighth Amendment deliberate indifference to serious medical needs claim (related to Hep-C) against Defendant Minev; and,
- in Count IV, Eighth Amendment deliberate indifference to serious medical needs claim (related to right arm injury) against Defendants Dr. Long, Dr. Walls, Dr. Naughton, Fukagawa, and Doe Scheduling Nurse.

(ECF No. 72-1.)

In response to Jones's corrected motion to amend, Defendants argue the motion is improper as it does not include the proposed amended pleading. (ECF No. 77 at 1-2.) However, this argument seems to have been made in error, as Jones's motion does include his proposed SAC. (*See* ECF No. 72-1.) Defendants have therefore not established prejudice or a "strong showing" under the other factors, thus there is a presumption in favor of permitting amendment. *See Eminence Capital, LLC*, 316 F.3d at 1052.

Having reviewed Jones's proposed SAC (ECF No. 72), the court finds that the motion should be granted as the proposed amendment does not cause undue delay, is not made in bad faith, is not prejudicial to the opposing party, and is not futile. Further, while Jones has previously amended his complaint, it appears his proposed amendment

4

will significantly streamline the litigation in this case, as the complaint limits his claims to two sets of medical related issues (Hep-C and right arm injury).

## IV. CONCLUSION

Based upon the foregoing, the court recommends that Jones's motion to amend (ECF No. 55) be denied as moot, and the corrected motion to amend (ECF No. 72) be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Jones's motion to amend (ECF No. 55) be **DENIED AS MOOT**;

**IT IS FURTHER RECOMMENDED** that Jones's corrected motion to amend (ECF No. 72) be **GRANTED**; as follows:

- in Count I, ADA/RA violations (related to Hepatitis-C ("Hep-C")) against Defendants Aranas, Sandoval, Laxalt, and Cegavski;
- in Count II, Eighth Amendment deliberate indifference to serious medical needs claim (related to Hep-C) against Defendants Sandoval, Laxalt, Cegavski, Dzurenda, and Naughton;
- in Count III, Eighth Amendment deliberate indifference to serious medical needs claim (related to Hep-C) against Defendant Minev; and,

- in Count IV, Eighth Amendment deliberate indifference to serious medical needs claim (related to right arm injury) against Defendants Dr. Long, Dr. Walls, Dr. Naughton, Fukagawa, and Doe Scheduling Nurse, once Jones learns his or her identity;

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court **FILE** the SAC (ECF No. 72-1), and that it be the operative complaint in this case; and

**IT IS FURTHER RECOMMENDED** that Defendants Kathryn Reynolds, Jayson Bloomfeld, John Borrowman, and Venus Fajuta be **DISMISSED** from this action, as no allegations are made against them in the SAC.

**DATED**: March 8, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**