UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER A. JONES, | Case No. 3:19-cv-00068-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

## I. SUMMARY

*Pro se* Plaintiff Christopher Jones, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC") and housed at the Northern Nevada Correctional Center ("NNCC"), brings this action under 42 U.S.C § 1983 against several Defendants. (ECF No. 6.) Before the Court is the Report and Recommendation (ECF No. 82 ("R&R")) of United States Magistrate Judge Carla L. Baldwin. The R&R recommends the Court deny Plaintiff's motion to amend (ECF No. 55) as moot, and grant Plaintiff's subsequent motion to amend (ECF No. 72). Judge Baldwin further recommends that Counts I, II, III, and IV of Plaintiff's proposed second amended complaint (ECF No. 72-1 ("SAC")) proceed, but that Defendants Kathryn Reyonds, Jayson Bloomfeld, John Borrowman, and Venus Fajuta be dismissed from this action.

Plaintiff filed a partial objection (ECF No. 89 ("Objection"))[1] to Judge Baldwin's R&R. Plaintiff argues that he has sufficiently pled other named Defendants in Count III of the SAC in addition to Defendant Michael Minev. (*Id.* at 2-3.) Plaintiff does not appear to

---

[1] Plaintiff's Objection includes an objection to the Court's scheduling order (ECF No. 83). Plaintiff fails to demonstrate that Judge Baldwin clearly erred in establishing the scheduling order. Accordingly, the Court overrules Plaintiff's Objection as to the scheduling order.

object to the remainder of the R&R. (*Id*.) As further discussed below, the Court agrees with Plaintiff and will grant his objection with respect to Dr. Martin Naughton as Defendant in Count III. Accordingly, Judge Baldwin's R&R is adopted in part and denied in part.

**II.   BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of factual background and procedural history provided in the R&R, which the Court adopts here. (ECF No. 82 at 1-2.) Relevant to this order, the R&R states that the SAC contains "Count III, Eighth Amendment deliberate indifference to serious medical needs claim (related to Help-C) against Defendant Minev[.]" (*Id*. at 4.) The R&R recommends that Count III proceed accordingly. (*Id*. at 5.)

Plaintiff alleges in the SAC the following. Plaintiff has a record of chronic hepatitis C dating back to 2004. (ECF No. 72-1 at 10.) On September 17, 2018, Plaintiff was seen by Naughton and was told that Plaintiff did not require any treatment pursuant to Medical Directive ("MD") 219. (*Id*. at 11, n1.) Naughton "ignored signs of significant fibrosis and failed to undertake testing." (*Id*. at 20.) He was aware that Plaintiff's APRI score "suggested significant fibrosis possible." (*Id*.) No treatment was provided at the time and no treatment was approved for two more years. (*Id*.) As a result of the delays, Plaintiff has now suffered a "heighten/factual injury as his liver has been damaged by way of the delay." (*Id*. at 26.) Moreover, Plaintiff states in paragraph 54 of Count III of the SAC, "The aforegoing paragraphs 1 through 53 above are incorporated herein as through fully setout pursuant to FRCP 10(c)." (*Id*. at 22.)

**III.   LEGAL STANDARD**

   **A.   Review of the Magistrate Judge's Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court will conduct a *de novo* of the

portion of the R&R to which Plaintiff objects.

**IV.    DISCUSSION**

Following a *de novo* review of the R&R portion that Plaintiff objects, relevant briefs, and other records in this case, the Court finds good cause to grant Plaintiff's Objection. The Court therefore will adopt in part and deny in part Judge Baldwin's R&R.

The R&R recommends that Plaintiff's subsequent motion to amend be granted as to Count III against Defendant Michael Minev. (ECF No. 82 at 3-6.)[2] Plaintiff argues that the R&R interprets Count III too narrowly as Plaintiff specifically incorporated by reference paragraphs 1 through 53 preceding the allegations he sets forth in Count III. (ECF No. 89 at 2.) Specifically, Plaintiff argues that Minev is not the only individual but Naughton and others played a role in denying and delaying Plaintiff's treatment for years. (*Id.* at 3.) Upon review of the SAC, the Court finds that Plaintiff states a colorable Eighth Amendment deliberate indifference to serious medical needs claim against Naughton.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he or she acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant

---

[2]The R&R further recommends Counts I, II and IV of the SAC also be granted and that Defendants Reynolds, Bloomfeld, Borrowman, and Fajuta be dismissed. Because Plaintiff does not raise objections to these recommendations, the Court declines to conduct a *de novo* review (*see* 28 U.S.C. § 636(b)(1)) and adopts them accordingly as set forth in the R&R.

injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When an inmate alleges that delay of medical treatment evinces deliberate indifference, the inmate must show that the delay led to further injury. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Here, Plaintiff alleges in the SAC that he has chronic hepatitis C since 2004. (ECF No. 72-1 at 10.) Naughton was aware of Plaintiff's serious medical needs when Plaintiff was seen by Naughton on September 17, 2018. (*Id*. at 11.) Despite Plaintiff's APRI score, Naughton did not treat Plaintiff and cited to MD 219. (*Id*.) As a result of the denial and delay, Plaintiff's liver was damaged. (*Id*. at 26.) Liberally construed, Plaintiff sufficiently alleges facts to state a colorable Eighth Amendment claim against Naughton. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (observing that *pro se* pleadings must be liberally construed.) Plaintiff, however, does not state a colorable Eighth Amendment deliberate indifference to serious medical needs claim alleged in Count III against other Defendants. Accordingly, this claim will proceed against Defendants Minev *and* Dr. Naughton.

**V.     CONCLUSION**

It is therefore ordered that the Report and Recommendations of Magistrate Judge Carla L. Baldwin (ECF No. 82) is adopted in part and denied in part.

It is further ordered that Plaintiff's partial objection (ECF No. 89) to the R&R is sustained.

///

It is further ordered that Plaintiff's claims will proceed as follow:

*Count I:* Americans with Disabilities Act/Rehabilitation Act violations (related to hepatitis C) against Defendants Aranas, Sandoval, Laxalt, and Cegavski;

*Count II*: Eighth Amendment deliberate indifference to serious medical needs claim (related to hepatitis C) against Defendants Sandoval, Laxalt, Cegavski, Dzurenda, and Naughton;

*Count III*: Eighth Amendment deliberate indifference to serious medical needs claim (related to hepatitis C) against Defendants Minev *and* Naughton; and,

*Count IV*: Eighth Amendment deliberate indifference to serious medical needs claim (related to right arm injury) against Defendants Long, Walls, Naughton, Fukagawa, and Doe Scheduling Nurse, once Plaintiff learns their identity.

It is further ordered that Defendants Reynolds, Bloomfeld, Borrowman, and Fajuta are dismissed from this action.

It is further ordered that Plaintiff's motion to amend (ECF No. 55) is denied as moot.

It is further ordered that Plaintiff's second motion to amend (ECF No. 72) is granted.

The Clerk of Court is directed to file Plaintiff's subsequent amended complaint (ECF No. 72-1), as the operative complaint in this action.

DATED THIS 5th Day of April 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE