UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>ROMEO ARANAS, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:19-cv-00068-MMD-CLB<br><br>ORDER |

　　　　On March 4, 2021, Magistrate Judge Carla L. Baldwin issued an order denying *pro se* Plaintiff Christopher Jones's motion for appointment of counsel. (ECF No. 80.) Jones filed an objection under Fed. R. Civ. P. 72(a) to Judge Baldwin's order. (ECF No. 85 ("Objection").) Defendants filed a response. (ECF No. 92.) As further discussed below, the Court overrules Plaintiff's Objection and affirms Magistrate Judge Baldwin's order.

　　　　Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may

not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court discretion to request an attorney represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The statute, however, does not give the court authority to compel an attorney to accept appointment, such that the attorney remains free to decline the request. *See Mallard v. U.S. Dist. Ct. for S. Dist.*, 490 U.S. 296, 310 (1989). Moreover, while the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his [or her] claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotations omitted).

Jones cites to the same cases in his Objection as he did in seeking appointment of counsel to argue the factual, legal, and medical complexities of the cited cases are no different from this action. (ECF No. 85 at 5.) He further argues that Judge Baldwin failed to consider his likelihood of success on the merits and his ability to articulate as a *pro se* litigant. *(Id.* at 6-8.) Despite Jones's contention, Judge Baldwin considered these various reasons and found that Jones failed to demonstrate exceptional circumstances exist in this action—whereas exceptional circumstances existed in the cited cases—to require a request for counsel to be appointed. (ECF No. 80.) Here, Jones has worked as a prison law clerk, or law library assistant, and has filed at least 20 cases since 2000. (*Id.* at 2 n1 & n2.) Jones can effectively articulate his claims *pro se* as evidence by his partial objection to Judge Baldwin's R&R. (*See* ECF No. 94 (sustaining Jones's partial objection).) The

Court finds that Judge Baldwin's decision is not clearly erroneous or contrary to law. The Court thus agrees with Judge Baldwin's determination and overrules Jones's Objection.

It is therefore ordered that Plaintiff Christopher Jones's Objection (ECF No. 85) is overruled.

DATED THIS 6th Day of April 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE